IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERMAN CORDERO-MARTINEZ, | : | Civil No. 3:17-cv-1816 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CRAIG A. LOWE, | : | |
| Respondent | : | |

FILED
SCRANTON
JAN 26 2018
PER _____
DEPUTY CLERK

## MEMORANDUM

### I. Background

On October 5, 2017, Petitioner, German Cordero-Martinez, a native and citizen of Guatemala, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and requesting a bond hearing before an Immigration Judge. (Doc. 1). At the time his petition was filed, Petitioner was detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania. (*Id.*).

On January 25, 2018, Respondent filed a suggestion of mootness stating that Petitioner was removed from the United States on January 18, 2018. (Doc. 8, p. 1). Respondent argues that the habeas petition is therefore moot. (*Id.* at pp. 1-2). In an effort to ascertain the custodial status of Petitioner, the Court accessed the United States Immigration and Customs Enforcement Online Detainee Locator System, which revealed

that Petitioner is no longer in the custody of that agency.[1] For the reasons set forth below, the Court will dismiss the habeas petition as moot.

II. **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Diaz-Cabrera v. Sabol, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting Lane v. Williams, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. See Tahic v. Holder, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011); Nguijol v. Mukasey, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (dismissing the habeas petition as moot).

---

[1] Upon entering Petitioner's alien registration number, 045045877, and his country of birth, Guatemala, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee. Additionally, upon entering petitioner's offender identification number, 221238, into the online inmate locator system, https://vinelink.com/#/search, his status was returned as follows:

Offender Name: Cordero-Martinez, German
Date of Birth: 01/01/1981
Custody Status: Out of Custody

2

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. See (Doc. 1). Petitioner was removed from the United States on January 18, 2018. Because Petitioner has been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. See Diaz-Cabrera, 2011 U.S. Dist. LEXIS 124195 at *2-4; Sanchez v. AG, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Accordingly, the instant habeas corpus petition will be dismissed as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")).

A separate Order shall issue.

Date: January 26, 2018

Robert D. Mariani
United States District Judge